UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAWN ANDERSON,

Plaintiff,

v.

JEFFERY BEARD, et al.,

Defendants.

_______________________________________/

CASE NO. 1:13-cv-00302-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

On March 1, 2013, Plaintiff Shawn Anderson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) His Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The Complaint identifies the following prison officials as Defendants: (1) Jeffery Beard, Secretary, California Department of Corrections and Rehabilitation[1]; (2) Jong Y. Moon, M.D., Corcoran State Prison (Corcoran); (3) Julian Kim, M.D., Corcoran; (4) Forester, M.D., Sierra Conservation Center (SCC); (5) Young N. Piak, M.D., Corcoran; (6) Jin Yu, M.D., Corcoran; (7) John Doe #2, Chief Medical Officer; and approximately ninety-eight additional John Does.

Plaintiff alleges the following:

---

[1] Secretary Beard is alternatively identified as John Doe #1.

Plaintiff injured his ankle playing basketball at Corcoran on July 18, 2011. (Compl. at 5.) Dr. Moon examined x-rays which revealed a fracture and prescribed three doses of morphine daily, ordered an MRI, and issued a temporary cast and use of a wheelchair. (Id. at 9, 10.)

At some point Dr. Piak ordered Dr. Yu to remove Plaintiff's cast so the ankle could be examined. Dr. Yu complied and then applied a wrap to the ankle. Days passed between the removal of the cast and examination. Plaintiff suffered severe pain without the protection of the cast. (Id. at 9.) Dr. Piak eventually examined Plaintiff's ankle and determined that another MRI was necessary. A cast was not reapplied and the ankle was left with only a wrap. (Id. at 9, 10.)

An MRI was conducted on July 26, 2011 and revealed a torn ligament and tendon. On September 12, 2011, Dr. Piak recommended reconstructive surgery. On September 20, 2011, Dr. Moon determined that there was no fracture and that Plaintiff was suffering from other unspecified complications; Moon reduced Plaintiff's medication and referred him back to Dr. Piak.

Plaintiff was unable to tolerate his pain with the reduced medication and sought out Dr. Yu to increase it. Yu recommended surgery. Doe #2 denied Yu's surgery recommendation on November 3, 2011. Yu saw Plaintiff again on November 17, 2011, and again recommended surgery. The recommendation was denied by Doe #2 on November 29, 2011. (Id. at 7.)

Defendant Yu saw Plaintiff a third time on December 13, 2011. Yu maintained that surgery was needed, but denied Plaintiff orthopedic shoes. On February 7, 2012, Yu saw Plaintiff and denied him a cane because of his housing assignment. Plaintiff was allowed

to use a wheelchair. (Id. at 8.) Dr. Yu ordered physical therapy, but the rehabilitation exercise exceeded Plaintiff's physical capabilities. (Id. at 10.) Plaintiff underwent surgery on February 22, 2012.

Two days after the surgery Dr. Bregovskaya examined Plaintiff and determined that Plaintiff had in fact torn a ligament and suffered a fracture. Beregovskaya diagnosed the ankle as chronically unstable. On March 2, 2012, Yu increased Plaintiff's morphine dosage. Later that month Plaintiff's ankle gave out. The cast was removed on April 15, 2012; Dr. Piak discovered an infection and prescribed antibiotics. (Id. at 8.)

On April 17, 2012, Dr. Kim examined the infection and conducted an emergency procedure. Dr. Oberegosky saw Plaintiff for a follow-up exam on March 21, 2012. On August 16, 2012, Dr. Piak conceded that bone fragments from the surgery remained in Plaintiff's joints. (Id. at 8.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B. Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint names Secretary Beard and Dr. Forester as Defendants but fails to provide any factual allegations linking them to the violations alleged. Plaintiff can not state a cognizable claim against these Defendants without setting forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link Defendants Beard and Forester to the violations alleged. The Court will provide an opportunity to amend. In order to state a cognizable claim, Plaintiff must demonstrate that the Defendants personally took some action that violated Plaintiff's constitutional rights.

**C. John Doe**

"John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

The Complaint properly refers to several John Doe defendants by assigning each with a number. However, Plaintiff initially identified approximately one-hundred John Does,

but only attributes specific wrongful conduct to Does 1-3. Each Doe defendant must be linked to the alleged violations. In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights. Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

**D. Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

1. Serious Medical Need

Plaintiff suffered a compound ankle injury that included broken bones and damage to ligaments and tendons. Several doctors found Plaintiff's condition worthy of treatment. Plaintiff was prescribed medication for severe pain and the injury required corrective surgery. Plaintiff adequately alleges a serious medical need and thus satisfies the first element of his Eighth Amendment medical treatment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

2. Deliberate Indifference

Plaintiff contends that each of the Defendants exhibited deliberate indifference to his serious medical need. The bases for Plaintiff's claims are set out under the title "Claims for Relief". The Court will address each claim below.

a. Dr. Moon and John Doe #2

Dr. Moon initially treated Plaintiff by examining x-rays of the injury, ordering a

temporary cast, and prescribing doses of morphine for the pain. Plaintiff asserts that this amounted to constitutionally deficient medical care. The Complaint's factual allegations do not support this conclusion. Plaintiff fails to explain how Dr. Moon's care violated his rights. Dr. Moon did not disregard Plaintiff' injury, he provided treatment. See Jett, 439 F.3d at 1096.

To the extent Plaintiff's claim is based on a disagreement with the medical choices made by Dr. Moon, he fails to state a claim. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff alleges Dr. Moon read an MRI as not showing a fracture. Moon denied surgery recommended by Dr. Piak and referred Plaintiff back to Dr. Paik for treatment. Doe #2 allegedly agreed with Dr. Moon's conclusion and twice denied surgery. Plaintiff characterizes these decision as an unnecessary delay in violation of his rights.

However, the factual allegations indicate that Dr. Moon and Doe #2 examined the available information and each made a treatment decision based his medical judgment. There are no facts indicating that either Defendant acted outside the boundary of what was medically acceptable; Plaintiff's mere disagreement with their conclusions is not sufficient to state a claim. Jackson, 90 F.3d at 332. The fact that Moon and Doe #2 disagreed with Dr. Piak concerning what medical care was appropriate does not equate to deliberate indifference. Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez, 891

F.2d at 242). Even assuming the Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood, 900 F.2d at 1334.

The Defendants' denial of surgery does not exhibit deliberate indifference. Plaintiff allegations reflect that Dr. Moon and Doe #2 did not think Plaintiff had fractured his ankle. There is no indication either knowingly disregarded a need for surgery. See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (defendant exhibited deliberate indifference by failing to carry out treatment he believed was necessary).

b. Drs. Yu and Piak

Dr. Piak ordered Plaintiff's cast removed so his ankle could be examined. Dr. Yu removed the cast and applied a compression wrap. Throughout periods of treatment, Defendants Piak and Yu allowed Plaintiff to go without a cast. In one instance, Piak kept Plaintiff's cast off after discovering signs of an infection. Plaintiff maintains that the failure to reapply a cast amounted to deliberate indifference.

The facts alleged indicate that there was some disagreement regarding the extent of Plaintiff's injury and the best way to treat it. Defendants Yu and Piak believed that wrapping the ankle was sufficient or, in the case of the infection, necessary. Plaintiff was also provided a wheelchair. Such facts do not suggest that Defendants Yu and Piak "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. The Defendants may have been wrong or even negligent in their treatment, but mere indifference, negligence, or medical malpractice does not amount to deliberate indifference. Broughton, 622 F.2d at 460.

Plaintiff also identifies additional instances in which Defendant Yu allegedly provided constitutionally deficient medical care. Before surgery Dr. Yu attempted to rehabilitate the

injured ankle through physical therapy. The exercise exceeded Plaintiff's ability and was unsuccessful. After the surgery when Plaintiff's ankle gave out, Dr. Yu increased the prescribed medication. There is no explanation why Plaintiff believes these two acts of medical treatment violated his rights. On its face, they demonstrate that Dr. Yu provided care and disregarded nothing. In order to state a claim, Plaintiff must explain how Dr. Yu knowingly disregarded a serious risk of harm to Plaintiff. Farmer, 511 U.S. at 837.

c. Dr. Kim

Defendant Kim examined Plaintiff's ankle after the surgery was completed and the infection discovered. Kim "was shocked by the infection" and immediately initiated an emergency regimen of antibiotics. Plaintiff asserts that Kim's response was deliberately indifferent. The factual allegations suggest the opposite and do not explain how Dr. Kim's seemingly attentive and appropriate response violated Plaintiff's rights.

Plaintiff will be given an opportunity to amend his Eighth Amendment claims against the Defendants. To state a cognizable claim Plaintiff must allege **facts** demonstrating that each Defendant knowingly disregarded an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 837. Plaintiff's practice of repeating identical legal phrases related to the Eighth Amendment after each claim is not helpful. The legal conclusions must be supported by factual allegations. Iqbal, 556 U.S. at 678. Should Plaintiff chose to file an amended complaint, he will be better served by replacing legal jargon with detailed explanations as to how the Defendants' actions violated his rights.

Plaintiff is cautioned that citing a disagreement between himself and a physician or between medical professionals regarding the medical care provided does not amount to deliberate indifference. Snow, 681 F.3d at 987. Allegations that the Defendants were

negligent in their treatment is also insufficient. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (mere negligence is not deliberate indifference).

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 1, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: March 29, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE