UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON,<br><br>             Plaintiff,<br><br>    v.<br><br>JEFFERY BEARD, et al.,<br><br>             Defendants.<br>_____ / | CASE NO.   1:13-cv-00302-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 9)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On March 1, 2013, Plaintiff Shawn Anderson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

On March 29, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 6.)  Plaintiff's First Amended Complaint (ECF No. 9) is now before the Court for screening.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following prison officials as Defendants: (1) Jeffery Beard, Secretary, California Department of Corrections and Rehabilitation; (2) Jong Y. Moon, M.D., Corcoran State Prison (Corcoran); (3) Julian Kim, M.D., Corcoran; (4) Forester, M.D., Sierra Conservation Center (SCC); (5) Young N. Piak, M.D., Corcoran; and (6) John Doe #1, Chief Medical Officer.

Plaintiff alleges the following:

Plaintiff injured his ankle playing basketball at Corcoran on July 18, 2011. X-rays taken that day revealed a fracture. Plaintiff was given a temporary cast and wheel chair, prescribed morphine, and referred to a specialist. An MRI conducted on July 26, 2011 found ligament and tendon damage. Plaintiff was again referred to a specialist.

On September 12, 2011, Dr. Piak recommended reconstructive surgery. On September 20, 2011 Dr. Moon suggested that Plaintiff had suffered complications other than a fracture and reduced Plaintiff's medication. The reduction in medication caused excruciating pain and Plaintiff saw Dr. Piak to restore the previous dosage. (Compl. at 4.)

Between September 12, 2011 and December 13, 2011, Dr. Yu and John Doe #1 disagreed over whether the reconstructive surgery endorsed by Yu was necessary. Yu recommended the procedure three times; on September 12, 2011, November 17, 2011, and December 13, 2011. Doe #1 denied the procedure on November 3, 2011 and November 29, 2011. (Id. at 4-5.) Doe #1 finally approved the procedure and Plaintiff underwent the reconstructive surgery on February 22, 2012.

On February 24, 2012, Plaintiff was seen by Dr. Seregovskaya for a post-surgery examination. Dr. Seregovskaya determined that Plaintiff had suffered ligament damage, a fracture, and diagnosed Plaintiff's ankle as chronically unstable. Dr. Yu increased Plaintiff's morphine on March 1, 2012.

The cast was removed on April 15, 2012 and Dr. Piak discovered puss, blood, and an infection. Dr. Kim treated Plaintiff's infection two days later. On August 15, 2012, Dr. Piak stated that loose bone fragments from before the surgery remained in Plaintiff's ankle. (Id. at 5.)

Plaintiff arrived at SCC, in the care of Dr. Forester, on November 2, 2012. (Id. at

3

12.) The treatment provided failed to restore Plaintiff's mobility and his pain has worsened. (Id. at 8.) Plaintiff has alerted Dr. Forester to the ongoing pain in his ankle and requested appropriate treatment. As of this pleading, Dr. Forester has failed to take any steps towards finally resolving Plaintiff's serious medical need. (Id. at 12, 13.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally

4

participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint names Secretary Beard as a Defendant but fails to provide any factual allegations linking him to the violations alleged. Plaintiff was previously instructed that he can not state a cognizable claim against a Defendant without setting forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor

5

v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed for a second time to set forth any facts linking Defendant Beard to the violations alleged. The Court previously notified Plaintiff of this specific pleading deficiency and gave him an opportunity to amend. Because Plaintiff appears unable to cure this deficiency, his claims against Defendant Beard are dismissed with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### C. Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

6

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 1. Serious Medical Need

Plaintiff suffered a compound ankle injury that included broken bones and damage to ligaments and tendons. Several doctors found Plaintiff's condition worthy of treatment. Plaintiff was prescribed medication for severe pain and the injury required corrective surgery. Plaintiff adequately alleges a serious medical need and thus satisfies the first element of his Eighth Amendment medical treatment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

### 2. Deliberate Indifference

Plaintiff contends that each of the Defendants exhibited deliberate indifference to his serious medical need. The Court will address each Defendant below.

a.     Dr. Moon and John Doe #1

On September 20, 2011, Dr. Moon determined that Plaintiff had not broken any bones, but was suffering from other complications. He then reduced Plaintiff's medication. Plaintiff found his pain to be unbearable with a reduced dosage and saw Dr. Piak to restore his previous medication levels. Plaintiff's prescription was restored and another physician eventually determined after reconstructive surgery that Plaintiff had broken a bone. These allegations were set forth in the original complaint and found by this Court to be insufficient to state a claim against Dr. Moon.

Plaintiff insists that Dr. Moon's medical conclusion on September 20, 2011 exhibited deliberate indifference. However, that other physicians disagreed with Moon's judgment or that Moon was incorrect does not establish deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Nothing in the amended complaint suggests that Dr. Moon's conclusions were medically unacceptable under the circumstances or that he acted with conscious disregard to Plaintiff's health.

The amended complaint likewise fails to establish that Doe #1 acted with deliberate

indifference when he twice denied reconstructive surgery. Dr. Piak recommended reconstructive surgery three times and Doe #1 eventually agreed. There are no allegations indicating the basis for Doe #1's initial refusal. Plaintiff's conclusion that Doe #1 knowingly denied a necessary medical procedure is not supported with any factual allegations. The fact that Doe #2 disagreed with Dr. Piak concerning what medical care was appropriate does not equate to deliberate indifference. Snow, 681 F.3d at 987. Even assuming the Defendant erred, an Eighth Amendment claim may not be premised on even gross negligence by medical personnel. Wood, 900 F.2d at 1334.

The Court's previous order notified Plaintiff that these allegations were insufficient. Plaintiff has failed to allege new facts or explain how his allegations amount to deliberate indifference. Plaintiff's claims against Dr. Moon and John Doe #1 are dismissed with prejudice.

b. Drs. Piak and Kim

Dr. Piak recommended reconstructive surgery and performed the procedure after receiving authorization. Dr. Kim treated an infection that was discovered after removing the cast. On August 15, 2012, Dr. Piak stated that loose bone fragments from before the surgery remained in Plaintiff's ankle.

Such factual allegations do not suggest that Defendants Piak and Kim "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Farmer, 511 U.S. at 837. The Defendants did not disregard Plaintiff's injury, each provided treatment. See Jett, 439 F.3d at 1096. The Defendants may have been wrong or even negligent in their treatment, but mere indifference, negligence, or medical malpractice does not amount to deliberate indifference. Broughton, 622 F.2d at 460.

9

The amended complaint fails to attribute deliberate indifference to either Defendant Piak or Kim. Plaintiff was previously notified that his allegations were not sufficient. There is no indication that further leave to amend would yield a different result. Plaintiff's claims against Defendants Piak and Kim are dismissed with prejudice.

        c.     Dr. Forester

Plaintiff alleges that was transferred to SCC under the care of Dr. Forester on November 2, 2012. Plaintiff requested treatment for the pain and immobility caused by his lingering ankle injury. Dr. Forester allegedly promised treatment, but as of this pleading had failed to take any action.

These allegation raise the possibility of a viable Eighth Amendment claim against Dr. Forester. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (The needless suffering of pain may amount to a sufficiently serious medical need). Plaintiff has now broadly alleged the basis of his claim against Dr. Forester, but his allegations remain too vague for the Court to find they state a cognizable claim. The Court needs detailed factual allegations, including, for example, when Plaintiff requested medical care of Dr .Forester and when and how Dr. Forester responded.

The Court will provide Plaintiff one final opportunity to amend. Leave to amend is granted only to give Plaintiff one more chance to try to cure his claim against Dr. Forester. The claims against the remaining Defendants are dismissed with prejudice.

## V.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must

demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form


1    and (2) a copy of his First Amended Complaint, filed May 20, 2013;

2        2.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

    3.    Plaintiff shall file an amended complaint within thirty (30) days; and

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 31, 2013                         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE