UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFERY BEARD, et al.,<br><br>  Defendants. | CASE No. 1:13-cv-00302-AWI-MJS<br><br>ORDER (1) DISREGARDING UNENUMERATED RULE 12(b) MOTION, (2) DENYING PLAINTIFF'S MOTION TO HOLD ACTION IN ABEYANCE, AND (3) GRANTING DEFENDANT'S REQUEST FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 23, 24, and 27) |

Plaintiff Shawn Anderson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 1, 2013. (ECF No. 1.) This case proceeds on Plaintiff's Second Amended Complaint which alleges Defendant Forester denied Plaintiff medical care in violation of the Eighth Amendment. (ECF No. 11.)

On February 26, 2014 Defendant Forester moved to dismiss the case under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies. (ECF No. 23.) Plaintiff filed a motion acknowledging he failed to properly exhaust his claim and asked that the action be held in abeyance pending exhaustion. (ECF No. 24.) Defendant filed an opposition and Plaintiff replied. (ECF Nos. 25 and 26.)

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino, 747 F.3d at 1166.  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id. at 1168.

On April 22, 2014, Defendant filed a notice acknowledging Albino, withdrawing his 12(b) motion, and requesting leave to file a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.  (ECF No. 27.)  Plaintiff filed an opposition reiterating his request that the action be stayed while he pursues administrative exhaustion.  (ECF No. 28.)  Defendant filed a reply asking that Plaintiff's multiple requests to withdraw the operative pleading be granted but the request to hold this action in abeyance be denied as improper.  In the alternative Defendant asks that his request for leave to file a motion for summary judgment be granted.  (ECF No. 29.)

The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.  Booth v. Churner, 532 U.S. 731, 733–34 (2001).  The Court cannot stay this action while Plaintiff pursues proper exhaustion.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed."); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[Plaintiff] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.").  Plaintiff may either file a notice of dismissal without the condition that this action be stayed, Fed. R. Civ. P. 41(a)(1), or proceed and respond to the merits of any forthcoming summary

judgment motion.

Accordingly, it is HEREBY ORDERED that:

1. The unenumerated Rule 12(b) motion filed February 26, 2014 (ECF No. 23) shall be DISREGARDED;

2. Plaintiff's motion to hold this action in abeyance (ECF No. 24) is DENIED; and

3. Defendant's request for thirty days leave to file a motion for summary judgment (ECF No. 27) is GRANTED.

IT IS SO ORDERED.

Dated:   June 11, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE